# NO. 12-07-00279-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NOEL S. HARRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Noel S. Harris appeals his conviction for tampering with evidence, for which he was sentenced to imprisonment for sixteen years. In three issues, Appellant challenges the sufficiency of the evidence and argues that his sentence constituted cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with tampering with evidence. The indictment further contained an enhancement allegation that Appellant had been previously convicted of the felony offense of driving while intoxicated. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the outset of trial, a hearing was held on Appellant's motion to suppress. The trial court denied Appellant's motion, and the parties proceeded with the presentation of evidence.

Officer Thomas Guerrero of the Tyler Police Department testified as the State's first witness. Guerrero testified that on January 17, 2007, he was a trainee in the first phase of the department's field training program under the supervision of Officer Damon Swan. Guerrero further testified that at 7:00 p.m. on the day in question, he and Swan were on patrol when they observed Appellant riding a bicycle on the wrong side of the road and without proper illumination. Guerrero stated that he stopped Appellant for the violations. Guerrero further stated that when he asked Appellant questions concerning his identity, Appellant mumbled his answers and appeared to attempt to avoid

opening his mouth. Guerrero testified that Appellant's behavior concerned him because he suspected Appellant was trying to consume something illegal or had something in his mouth that he was not supposed to have. Guerrero further testified that, as a result of Appellant's behavior and because they were in a known "high-drug" area, he began to investigate whether Appellant was in possession of any type of controlled substance. Guerrero stated that he asked Appellant what was in his mouth and that Appellant responded that it was a "marijuana roach." Guerrero explained to the jury that a marijuana roach is whatever is left of a marijuana joint or any kind of a marijuana blunt after it has been smoked. Guerrero further stated that he looked into Appellant's mouth multiple times and observed a green leafy substance, which based on his training and experience he believed to be marijuana. Guerrero testified that they were not able to recover the marijuana as evidence because Appellant intentionally or knowingly destroyed it by chewing it and swallowing it, thereby impairing its availability as evidence in the investigation of his possession of marijuana.

Officer Damon Swan testified as the State's next witness. Swan's testimony was largely consistent with Guerrero's testimony. Swan testified that when Guerrero initiated contact with Appellant, Swan observed from the vehicle that Appellant was chewing on something. Swan further testified that he approached Appellant and asked him to spit out whatever was in his mouth. Swan stated that as Appellant spat, he observed small green flakes in the spittle that he suspected were marijuana. Swan further stated that the green flakes he observed were not retrievable for evidence. Swan testified that Appellant admitted to them that he had been chewing a "roach," which Swan explained he understood to be the remnants of a partially smoked marijuana cigarette. Swan further testified that it appeared to him that Appellant ate the marijuana in question to conceal it.

Following Swan's testimony, the State rested. Appellant moved for a directed verdict, which the trial court denied. Thereafter, Appellant rested. Ultimately, the jury found Appellant to be "guilty" as charged. The matter proceeded to a jury trial on punishment. At the outset of Appellant's trial on punishment, Appellant pleaded "true" to the enhancement allegation in the indictment. Following the presentation of evidence, the jury assessed Appellant's punishment at imprisonment for sixteen years. The trial court sentenced Appellant accordingly, and this appeal followed.

In his first and second issues, Appellant argues that the evidence is both legally and factually insufficient to support that he knew at the time he ate the substance that an investigation and official proceeding were impending or in progress.

**Legal Sufficiency**

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In the case at hand, to support Appellant's conviction for tampering with evidence, the State was required to prove either that (1) Appellant, knowing that an investigation was pending or in progress, altered, destroyed, or concealed any thing with intent to impair its verity, legibility, or availability as evidence in the investigation or (2) Appellant, knowing that an offense had been committed, altered, destroyed, or concealed any thing with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense. *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (d)(1) (Vernon Supp. 2007). Though Appellant was charged pursuant to Subsections 37.09(a)(1) and 37.09(d)(1), he has made no argument with regard to the commission of the offense of tampering with evidence as set forth in Section

37.09(d)(1). If we determine there is legally sufficient evidence to support Appellant's conviction pursuant to Section 37.09(d)(1), we need not address the sufficiency of the evidence to support his conviction pursuant to Section 37.09(a)(1).

According to Guerrero's testimony, he stopped Appellant for a violation of the traffic code. Guerrero stated that when he asked Appellant questions concerning his identity, Appellant mumbled his answers and appeared to attempt to avoid opening his mouth. Guerrero testified that Appellant's behavior concerned him because he suspected Appellant was trying to consume something illegal or had something in his mouth that he was not supposed to have. Guerrero further testified that, as a result of Appellant's behavior and because they were in a known "high-drug" area, he began to investigate whether Appellant was in possession of any type of controlled substance. Guerrero stated that he asked Appellant what was in his mouth and that Appellant responded that it was a "marijuana roach." Guerrero explained to the jury that a marijuana roach is whatever is left of a marijuana joint or any kind of a marijuana blunt after it has been smoked. Guerrero further stated that he looked into Appellant's mouth multiple times and observed a green leafy substance, which based on his training and experience he believed to be marijuana. Guerrero testified that they were not able to recover the marijuana as evidence because Appellant intentionally or knowingly destroyed it by chewing it and swallowing it, thereby impairing its availability as evidence in the investigation of his possession of marijuana. Additionally, Swan testified that when Guerrero initiated contact with Appellant, Swan observed from the vehicle that Appellant was chewing on something. Swan further testified that he approached Appellant and asked him to spit out whatever was in his mouth. Swan stated that as Appellant spat, he observed small green flakes in the spittle that he suspected were marijuana. Swan further stated that the green flakes he observed were not retrievable for evidence. Swan testified that Appellant admitted to them that he had been chewing a "roach," which Swan explained he understood to be the remnants of a partially smoked marijuana cigarette. Swan further testified that it appeared to him that Appellant ate the marijuana in question to conceal it.

Examining the aforementioned evidence in the light most favorable to the verdict, we conclude that the jury could have determined beyond a reasonable doubt that Appellant knew that

he had committed the offense of possessing marijuana[1] and, with the intention of impairing the marijuana's availability as evidence in any subsequent investigation related to the offense, destroyed or concealed the marijuana. Therefore, we hold that the evidence was legally sufficient to support the jury's verdict. Appellant's first issue is overruled.

**Factual Sufficiency**

Turning to Appellant's contention that the evidence is not factually sufficient to support the jury's verdict, we must first assume that the evidence is legally sufficient under the *Jackson* standard. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all of the evidence weighed by the trial court that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the trial court's determination, even if probative evidence exists that supports the verdict, *see Clewis*, 922 S.W.2d at 133, our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the trial court's verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the trial court's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (evidence is factually insufficient only when reviewing court objectively concludes that the great weight and preponderance of the evidence contradicts the verdict).

In the instant case, Appellant argues generally that the evidence tending to show that no investigation was "impending or in progress" when Appellant swallowed the marijuana was far greater than any evidence supporting that such an investigation was underway. Appellant makes no argument with regard to evidence supporting his conviction pursuant to Texas Penal Code, section

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (Vernon 2003).

5

37.09(d)(1). As in our consideration of Appellant's legal sufficiency challenge, we need not address Appellant's argument with regard to Subsection 37.09(a)(1) if we conclude that the evidence is factually sufficient to support his conviction pursuant to Subsection 37.09(d)(1).

We have reviewed the record in its entirety. We iterate that our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony, *see Santellan*, 939 S.W.2d at 164, and where there is conflicting evidence, the trial court's verdict on such matters is generally regarded as conclusive. *See Van Zandt,* 932 S.W.2d at 96. Our review of the record as a whole, with consideration given to all of the evidence, both for and against the jury's verdict, has not revealed to us any evidence that causes us to conclude that the proof of Appellant's guilt as charged under subsection 37.09(d)(1) is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the jury's verdict. Appellant's second issue is overruled.

### CRUEL AND UNUSUAL PUNISHMENT

In his third issue, Appellant contends that the sixteen year sentence imposed on him for tampering with evidence constitutes cruel and unusual punishment under both the Texas and United States constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1.

However, even absent waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment. Appellant was convicted of tampering with evidence. *See* TEX. PENAL CODE ANN. § 37.01(a), (d)(1). The punishment range for such an offense, considering the enhancement allegation, is between five and ninety-nine years, or life. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.42, 37.09(c) (Vernon 2003 & Supp. 2007). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. *Id.* Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex.

6

Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd).

Nonetheless, we have considered the threshold question of whether Appellant's sentence is grossly disproportionate to the crime. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.); *see also Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); *Solem v. Helm*, 463 U.S. 277, 298–300, 103 S. Ct. 3001, 3013–15, 77 L. Ed. 2d 637 (1983). In reaching this conclusion, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in which the Supreme Court upheld the appellant's mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. Since here the offense committed by Appellant—tampering with evidence—is no less serious than any of the offenses committed by the appellant in *Rummel*, while Appellant's sixteen year sentence is far less severe than the life sentence upheld by the Supreme Court in *Rummel*, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test.[2] Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 23, 2008.
*Panel consisted of Worthen, C.J. and Griffith, J.*

(DO NOT PUBLISH)

---

[2] Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011.